809 So.2d 222 (2001)
Michael Von PETSCH
v.
Tara Smith PETSCH.
No. 2001 CU 0491.
Court of Appeal of Louisiana, First Circuit.
June 22, 2001.
*223 C. Glenn Westmoreland, Livingston, for Appellee Plaintiff Michael Von Petsch.
Brent Delee, Baton Rouge, for Appellant Defendant Tara Smith Petsch.
Before: FOIL, FOGG and CLAIBORNE, JJ.[1]
FOIL, Judge.
This is an appeal by the mother from a trial court's failure to find post-separation family violence and its award of joint custody with the parties sharing equal domiciliary status. For the following reasons, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND
Plaintiff, Michael Von Petsch, and defendant, Tara Smith Petsch, were married on November 15, 1997. One child, Michael Blaine Petsch, was born of the marriage on June 13, 1998. The parties physically separated on May 5, 2000, and on May 12, plaintiff filed a petition for divorce under La. Civ.Code art. 102. In his petition, plaintiff also requested that the parties be granted joint custody of the child, and that he be designated the domiciliary parent. Plaintiff further requested an award of child support.
On May 30, 2000, defendant filed an answer, reconventional demand and exparte custody request. In addition to seeking an article 102 divorce, she requested *224 an ex-parte temporary custody order based on allegations that plaintiff is unable to adequately care for the child and keep him in a safe, healthy and stable environment. Defendant further requested that she be awarded sole permanent custody of the child or, alternatively, that the parties be granted joint custody with her being designated as the domiciliary parent. She also alleged that plaintiff was guilty of violating the provisions of the Post-Separation Family Violence Act, La. R.S. 9:361 through 9:369. Finally, she requested an award of child support. On that same date, the trial court denied an award of ex-parte custody and set the remaining rules for hearing on July 31, 2000. After the denial of ex-parte custody, the parties executed a stipulated judgment regarding interim custody, whereby the parties agreed to share custody of the child.
After a hearing on June 29, 2000, by judgment signed October 18, 2000, the trial court decreed there was no finding of postseparation family violence under La. R.S. 9:361, et seq. It awarded joint custody to the parties and ordered that they share domiciliary status equally. The court specified that if the parties were unable to agree on a joint plan of custody, they would alternate physical custody every seven days. Last, the court awarded defendant child support in accordance with the guidelines, and awarded injunctive relief. This appeal by defendant followed.

POST-SEPARATION FAMILY VIOLENCE RELIEF ACT
In her first specification of error, defendant asserts that the trial court erred in failing to find family violence under La. R.S. 9:361, et seq. In oral reasons for judgment, the trial court found that the only evidence "that could even remotely reflect family violence" was an incident that occurred on May 7, 2000, when defendant was pushed out of plaintiff's vehicle. The court stated that even if the incident constituted a violent act, it was only one incident. There was no testimony that defendant received serious bodily injury from the incident. Accordingly, the court found that the Act did not apply to this case.
Defendant argues that under the Act, a finding of family violence does not require serious injury or multiple incidents. We disagree. La. R.S. 9:364 provides, in pertinent part:
A. There is created a presumption that no parent who has a history of perpetrating family violence shall be awarded sole or joint custody of children. The court may find a history of perpetrating family violence if the court finds that one incident of family violence has resulted in serious bodily injury or the court finds more than one incident of family violence.
Based on the evidence of record, we agree with the trial court that only one incident of possible family violence occurred. Under the clear wording of section 364, the trial court correctly found that the Act does not apply in this case.

BEST INTEREST OF THE CHILD
In her second assignment of error, defendant claims that the trial court erred in finding the best interest of the child would be served by a fifty-fifty sharing of custody, rather than naming her as domiciliary parent. She notes that the court did not give reasons for ordering such an arrangement and, as such, it is impossible to determine what factors the court found relevant. In any event, appellant asserts the child's best interests requires naming her as domiciliary parent.
Joint custody determinations are governed by La. R.S. 9:335, which provides that, to the extent feasible and in the best *225 interest of the child, physical custody should be shared equally. La. R.S. 9:335 A(2)(b). Each child custody case must be viewed in light of its own particular set of facts and circumstances with the paramount goal of reaching a decision that is in the best interest of the child. Remson v. Remson, 95-1951, p. 4 (La.App. 1 Cir. 4/4/96), 672 So.2d 409, 411. The trial court is vested with vast discretion in matters of child custody and visitation. As such, its determination is entitled to great weight and will not be disturbed on appeal unless a clear showing of abuse of discretion is made. Id.
The evidence presented in this case reveals two parents who both love their child and want to participate in his upbringing. The parents live relatively close to each other. Both of the child's grandmothers assist in caring for the child when his parents are at work. We find that the existing custody arrangement, while not ideal, is feasible and workable at this point in the child's life, as he is not yet of school age. We do feel the matter will need to be revisited when the child begins school. For the time being, we find no abuse of the trial court's discretion and see no compelling reason to deny an equal sharing of physical custody, nor any reason to name either party as domiciliary parent.
For these reasons, the judgment appealed from is affirmed. Costs of this appeal are assessed to defendant, Tara Smith Petsch.
AFFIRMED.
NOTES
[1] Judge Ian W. Claiborne, retired, serving Pro Tempore by special appointment by the Louisiana Supreme Court.